UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NU-BEST FRANCHISING, INC., *et al.*,

        Plaintiffs,

vs.                                              Case No. 8:05-CV-507-T-27TGW

MOTION DYNAMICS, INC., *et al.*,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Second Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 30) and Plaintiffs' Response (Dkt. 32).[1]

---

[1] This case has a somewhat complicated and judicially unsettling procedural history, demonstrated by the filings and conduct of the parties. The Motion Dynamic parties (Defendants herein) originally filed an action for fraud against the Nu-Best parties in the Northern District of Ohio. The presiding district court judge ordered the parties to arbitrate their dispute pursuant to the arbitration clause in the parties' Franchise Agreement. In accordance with the parties' agreement, the arbitration was conducted pursuant to the commercial Arbitration Rules of the American Arbitration Association ("AAA") in Tampa, Florida in July 2004. (Dkt. 29, ¶ 12). Just a couple of days after the Interim Award was delivered, the Motion Dynamic parties filed a motion to confirm the Interim Award in the Northern District of Ohio, notwithstanding that 9 U.S.C. § 12 mandates that confirmation be sought in the district in which arbitration occurred. Apparently, the Nu-Best parties did not respond to that motion.
      Ultimately, the Ohio district court confirmed the award. It subsequently denied the Nu-Best parties' motion for relief from judgment, concluding that the Interim Award was a final award subject to confirmation (Dkt. 31, Exhibit 2). In their motion for relief from judgment, the Nu-Best parties argued, as they do in the instant case, that the Interim Award was not a final award. The Ohio district court's order rejecting that argument was entered on August 9, 2005. In the meantime, in December 2004, after the Interim Award but before the Ohio District court order confirming it, the Nu-best parties filed an action in state court in Florida, purportedly seeking to vacate the award pursuant to Florida law, notwithstanding that the parties' Franchise Agreement expressly provided that the Federal Arbitration Act governed all matters relating to arbitration. After the Supplemental Final Award was delivered, the Nu-Best parties amended their lawsuit, adding two claims under the Federal Arbitration Act. The Motion Dynamics parties then removed the case to this court.
      This court is therefore confronted with an action purportedly seeking to vacate an arbitration award which has previously been confirmed by a federal district court in Ohio. As discussed, this action

1

On December 7, 2005, Nu-Best Franchising, Inc. ("Nu-Best"), VF-Works, Inc., John R. Postlethwaite and Linda Postlethwaite (collectively "Plaintiffs") filed this action in the Thirteenth Judicial Circuit Court for Hillsborough County, Florida seeking to vacate an arbitration "Interim Award" delivered on September 8, 2004 in the underlying arbitration between the parties. (Dkt. 2). In the Interim Award, the arbitrator found Nu-Best, VF-Works, Inc., John Postlethwaite and Linda Postlethwaite jointly and severally liable to Defendants for fraud in the inducement and awarded Defendants $274,000.0 in damages. (Dkt. 2, Ex. C). The arbitrator determined that Motion Dynamics, Inc. ("Motion Dynamics") was entitled to recover attorneys' fees and costs as the prevailing party, reserving jurisdiction to determine the amount of fees and costs. *Id.* On February 9, 2005, after having conducted a hearing on the amount of fees and costs, the arbitrator delivered a "Supplemental Final Award" of $46,643.68 in fees and costs to Motion Dynamics (Dkt. 29, Ex. D).

In their initial Complaint, Plaintiffs sought vacation or modification of the Interim Award pursuant to the "Florida Arbitration Code", Chapter 682, Florida Statutes. On August 11, 2005, Plaintiffs amended their Complaint, adding substantially similar claims under the Federal Arbitration Act ("FAA") and including claims for vacation or modification of the "Supplemental Final Award" issued on February 9, 2005. (Dkt. 29). Defendants removed the case to federal court on March 16, 2005 (Dkt. 1).

Defendants seek dismissal of Plaintiffs' Amended Complaint, contending (1) Plaintiffs' claims under the Florida Arbitration Code are preempted by the FAA, (2) Plaintiffs failed to timely

---

is subject to dismissal because the Nu-Best parties have not complied with the statutory notice requirements of 9 U.S.C. § 12, largely due to the pendency of the two actions and the resulting conflicts in the service requirements between the federal rules of civil procedure and the applicable statutes.

serve Defendants with their notice of motion to vacate or modify the Interim Award, (3) Plaintiffs failed to timely serve Defendants with their notice of motion to modify or vacate the Supplemental Final Award, and (4) Plaintiffs never served notice on Defendants through the U.S. Marshal, as required by 9 U.S.C. § 12. Upon consideration, Defendants' motion is **GRANTED**.

## Applicable Standards

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted); *accord South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## Discussion

1. <u>Plaintiffs' Florida Arbitration Code Claims</u>

Defendants contend Plaintiffs' state law claims (Counts III and IV) should be dismissed because the parties' Franchise Agreement expressly states that all matters relating to the arbitration are governed by the FAA. Defendants also argue that the Franchise Agreement involves an interstate transaction and therefore the FAA trumps any contrary provision of state law. In response, Plaintiffs do not dispute that the FAA governs the Agreement and that the Agreement involves interstate commerce. Rather, Plaintiffs contend that Mrs. Postlethwaite was not a party to the Agreement and

3

therefore is not subject to the Agreement or the FAA. This Court disagrees.[2]

The Franchise Agreement provides that "any litigation, claim dispute, suit, action, controversy, proceeding or otherwise ('Claim') between or involving [Motion Dynamics] and [Nu-Best] *(and/or involving [Motion Dynamics] and/or any claim against or involving any of [Nu-Best's] affiliates, shareholders, directors, partners, officers, employees, agents, attorneys . . . or otherwise)*, which is not resolved within 45 days of notice . . . will be submitted to arbitration to the office of the American Arbitration Association . . ." (Dkt. 1, Ex. A, pp. 61-62) (emphasis added). The Agreement provides that "[a]ll matters relating to arbitration are governed by the Federal Arbitration Act" and that the "arbitration provisions of the agreement are intended to benefit and bind . . . all of [Motion Dynamics's] and [Nu-best's] principal owners and affiliates." (Dkt. 1, Ex. A, pp. 59, 63).

In a footnote in the Supplemental Final Award, the arbitrator, explaining the basis for Mrs. Postlethwaite's liability, imputed knowledge of her husband's fraudulent representations to Mrs. Postlethwaite because of her "active and integral, material conduct in the business." (Dkt. 29, Ex. D). According to this finding, Mrs. Postlethwaite was an agent or employee of the business and therefore the arbitration Agreement's definition of "claim", which includes claims "against or involving any of [Nu-best's] . . . officers, employees, agents . . . or otherwise", is broad enough to include a claim against Mrs. Postlethwaite. By the express terms of the Agreement, therefore, Mrs.

---

[2] Plaintiffs' contention that the FAA does not apply is disengenius in light of Mrs. Postlethwaite's affidavit submitted in support of her motion to stay the related Ohio action. (Dkt. 6, Ex. E). In the affidavit, Mrs. Postlethwaite avers that she is the "Vice President of Nu-Best Franchising, Inc.," she "performed duties as an officer of the Corporation" and that the "Agreement compels the parties to mediate and arbitrate all claims" and "all matters relating to arbitration are governed by the Federal Arbitration Act." *Id.*

Postlethwaite is subject to the Agreement's arbitration provision and accordingly, the FAA applies to Defendants' claims against her. *See also* 9 U.S.C. § 2 ("a contract evidencing a transaction involving interstate commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable . . ."); *Prima Paint Corp. V. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401(1967).

As noted, the Franchise Agreement expressly provides that the FAA governs all matters relating to arbitration. This is true notwithstanding that the parties agreed that state law governed certain legal claims. *See Lowmax v. Woodmen of World Life Ins. Soc.*, 228 F.Supp.2d 1360, 1365-66 (N.D. Ga. 2002) (FAA, rather than Georgia Arbitration Act, controls arbitration procedure even though contract provided certain claims shall be governed by Georgia law). Accordingly, Nu-best's state claims pursuant to Florida's Arbitration Code are dismissed.

2.   The Interim Award

Defendants move to dismiss Plaintiffs' Amended Complaint, arguing that Plaintiffs failed to timely serve them with notice of their action to vacate or modify the Interim Award, as required by 9 U.S.C. § 12. Defendants contend the Interim Award was a final decision and therefore Plaintiffs were required to serve Defendants with notice of their action to vacate or modify on or before December 8, 2004, three months after the Interim Award was issued. This Court agrees. The Interim Award, notwithstanding its title was a final arbitration award subject to confirmation, as determined by Judge Aldrich in the Northern District of Ohio. Accordingly, Plaintiffs were required by § 12 to file and serve notice of their motion to vacate within three months of delivery of the Interim Award on September 9, 2004. Further, as Defendants were not residents of Florida, Plaintiffs were required to serve notice through the Untied States Marshal.

It is undisputed that Plaintiffs did not serve notice of a motion to vacate within three months of delivery of the Interim Award and have never served notice of their motion to vacate through the marshal. Plaintiffs mistakenly contend that the Interim Award was not a final award and the notice requirements of § 12 do not apply.

Service of a motion to vacate, modify, or correct an arbitration award is governed by 9 U.S.C. § 12. In relevant part, § 12 provides:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 12.

Plaintiffs contend they were not required to comply with § 12 with regard to the Interim Award because the award was not "final" for purposes of appeal. According to Plaintiffs, the time period for filing and serving a motion to vacate did not begin to run until the Supplemental Final Award was delivered on February 9, 2005.[3]

"An arbitral award is deemed 'final' provided it evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration, even though the arbitrators purport to retain jurisdiction in the event the need arises to resolve some subsidiary matter, such as damages or backpay calculations." *Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999). Courts have permitted

---

[3] Plaintiffs' contention in this regard is arguably barred by the doctrine of *res judicata*, as the Interim Award was deemed "final" by the district court judge in the related Ohio action. (Dkt. 30, Ex. A). Nonetheless, for the reasons discussed herein this Court agrees with the ruling of the Ohio district court and finds the Interim Award final.

confirmation and vacation of arbitration awards which do not completely resolve the arbitration. *See Yasuda Fire & Marine Ins. v. Continental Cas. Co.*, 37 F.3d 345, 348 (7th Cir. 1994) (finding district court had jurisdiction to consider motion to vacate of interim award requiring petitioner to issue a letter of credit); *Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046, 1049 (6th Cir. 1984) (enforcing award of specific performance, even though price of product was subject to further arbitration), *abrogated on other grounds*, *Cortez Byrd Chips, Inc. v. Bill Habert Constr. Co.*, 529 U.S. 193 (2000).

Here, the arbitrator's intention to resolve all claims in the demand for arbitration is evident from the Interim Award itself. The Interim Award determined liability, damages and entitlement to attorneys' fees and administrative expenses. The award expressly provided that it was issued in "full settlement of all claims and counterclaims submitted" to the arbitrator. (Dkt. 2, Ex. C, p. 3). The arbitrator reserved jurisdiction only to determine the amount of attorneys' fees and costs. *Id.* at 2. Significantly, and apparently in response to "arguments . . . on the issue of whether *any* fee and cost award should be imposed against Mrs. Postlethwaite", the arbitrator recognized in a footnote to the Supplemental Final Award that he lacked jurisdiction to correct a substantively incorrect Interim Award (if incorrect)" because the Interim Award "was final as to the underlying claims themselves" (Dkt. 29, Ex. D)(emphasis added). *Id.*

Contrary to Plaintiffs' contention, this discussion in a footnote to the Final Supplemental Award does not demonstrate that the Interim Award was not intended to be a final determination of liability, damages, and entitlement to attorneys' fees. Moreover, a finding that the Interim Award was final is consistent with the primary purpose served by the arbitration process, to provide parties with expeditious dispute resolution. *See Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1179

(11th Cir. 1981) (" purpose of the [FAA] was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation").

Accordingly, the Interim Award constituted a final arbitration award, subject to the three month statutory time limit for serving notice of motion to vacate. Plaintiffs were therefore required to serve their notice of motion to vacate the award within three months of delivery of the Interim Award, or by December 8, 2004. *See* 9 U.S.C. § 12. It is undisputed that Plaintiffs did not serve Defendants with their initial Complaint or notice of motion to vacate within the prescribed time period.[4] Accordingly, to the extent Plaintiffs' Amended Complaint seeks to vacate or modify the Interim Award, it is dismissed. *See Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984) (party may not raise motion to vacate, modify or correct an arbitration award after three month period has run); *Piccolo v. Dain Kalman & Quail, Inc.*, 641 F.2d 598, 601 (8th Cir. 1981) (party to arbitration award who fails to comply with statutory precondition of timely service of notice forfeits the right to judicial review of the award) (citations omitted).

3.   The Supplemental Final Award

Defendants also seek dismissal of Plaintiffs' Amended Complaint to the extent it seeks to vacate the Supplemental Final Award issued February 9, 2005. Plaintiffs filed their motion to amend the Complaint to add claims seeking to vacate or modify the Supplemental Final Award on May 10,

---

[4] Actually, with respect to the Interim Award, Plaintiffs never served Defendants in compliance with 9 U.S.C. § 12. That Plaintiffs filed their Complaint within three months of delivery of the Interim Award is irrelevant. *See Franco v. Prudential Bache Securities, Inc.*, 719 F.Supp. 63, 64 (D. Puerto Rico 1989) ("mere fact that [plaintiff] filed a court action prior to the running of the time period is not enough - the statute explicitly requires notice"). Moreover, Plaintiffs' argument that the amended complaint relates back to when the original complaint was filed is disingenuous, as the Interim Award was a final award and the three month time within which to serve notice is jurisdictional.

2005, three months and one day after the Supplemental Final Award was delivered (Dkt. 13, 14). Plaintiffs simultaneously served Defendants through counsel with a copy of their filings via the CM/ECF system. Defendants contend that Plaintiffs' Amended Complaint seeking to vacate or modify the Supplemental Final Award should be dismissed because it was not served within three months after the Supplemental Final Award was delivered in accordance with 9 U.S.C. § 12. In addition to arguing that the Amended Complaint was one day late, Defendants contend Plaintiffs' service via the CM/ECF system was inadequate because § 12 requires service on a non-resident party to be made through the marshal.

In response, Plaintiffs contend that their motion to amend constituted appropriate and timely notice of their attempt to vacate the Supplemental Final Award because the Supplemental Final Award was not delivered to them until after five o'clock p.m. on February 9, 2005. Plaintiffs argue that pursuant to Local Rule 1.07(c), service of the Supplemental Final Award via facsimile after five o'clock is deemed to have been made on the following business day, February 10, 2005. Plaintiffs contend they were not required to serve Defendants through a marshal because Defendants waived service of process by making a general appearance in this lawsuit and pursuant to Rule 5, service by mail or CM/ECF satisfies the requirement of notice.

First, Plaintiffs' reliance on Rule 5, Fed.R.Civ.P. is misplaced. By its own terms Rule 5 governs "every pleading subsequent to the original complaint . . ." Fed.R.Civ.P. 5(a). Plaintiffs cannot rely on Rule 5 service when they never properly served Defendants with their initial Complaint and never served notice of their motion to vacate. In short, Plaintiffs never complied with the service of notice requirements of 9 U.S.C. § 12. Moreover, contrary to Plaintiffs' arguments, Defendants have not waived their right to service in accordance with the express requirements of

§ 12 and therefore service pursuant to Rule 5 does not suffice.

Plaintiffs contend Defendants waived statutory service of notice to vacate by removing the case to federal court and by making a general appearance. Plaintiffs contend because Defendants waived service of process, service by mail and CM/ECF of the Amended Complaint seeking to vacate the Final Supplemental Award on Defendants' counsel of record was appropriate under Rule 5. Plaintiffs are mistaken.

Pursuant to Rule 12(h)(1), Fed.R.Civ.P., a party is deemed to have waived any objection to service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objection in that motion. *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990). Here, Defendants raised Plaintiffs failure to effectuate service of the required notice of motion to vacate in their Notice of Removal (Dkt. 1, p. 2), their first motion to dismiss (Dkt. 5), their second motion to dismiss (Dkt. 30), and Motion Dynamics's motion to confirm (Dkt. 20). Accordingly, Defendants did not waive their objection to Plaintiffs' failure to serve notice in accordance with § 12. On this basis alone, the Amended Complaint is subject to dismissal as time barred.

As to whether filing and service of the Amended Complaint three months and one day after the delivery of the Final Supplemental Award was timely, there is some question as to whether Local Rule 1.07(c) provides an additional day for service based on the Final Supplemental Award having been faxed to counsel. Rule 81(a)(3), Fed. R.Civ.P. provides that "[i]n proceedings under Title 9, U.S.C., relating to arbitration . . . these rules [the Federal Rules of Civil Procedure] apply only to the extent that matters of procedure are not provided for in those statutes." Title 9, specifically § 12, expressly addresses the time for making service but does not address the manner of making service except as to when the adverse party is a non resident of the "district within which the award is made": "If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other

process of the court." 9 U.S.C. § 12.

Here, it is undisputed that Defendants are not residents of the Middle District of Florida. Accordingly, § 12 expressly addresses the manner of serving notice of motion to vacate, which does not authorize service by mail, fax or CM/ECF. Accordingly, the Federal Rules of Procedure (including the Local Rules) relating to service are inapplicable.[5] Even assuming arguendo that Plaintiffs timely filed their Amended Complaint seeking to vacate the Supplemental Final Award, they failed to serve the required notice in accordance with 9 U.S.C. § 12.

Plaintiffs' request to vacate or modify the Supplemental Final Award, therefore, is dismissed. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1.  Defendants' Second Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 30) is **GRANTED**. The Amended Complaint (Dkt. 29) is **DISMISSED**.

2.  Plaintiffs' Motion to Vacate Supplemental Final Award of Arbitrator and the Incorporated Interim Award, or Alternatively to Modify or Correct These Awards (Dkt. 14) is **DENIED** as moot.

3.  This Court has jurisdiction over Motion Dynamics's Motion to Confirm Supplemental Final Award of Arbitrator (Dkt. 20), notwithstanding dismissal of the Amended Complaint because Motion Dynamics properly served Plaintiffs pursuant to 9 U.S.C. § 9 and the parties' Franchise Agreement provides that "the award may be entered in any court of competent

---

[5] Moreover, the AAA Commercial Arbitration Rules governing service by facsimile do not provide for an extra day when service is accomplished via facsimile after five o'clock. *See* AAA Commercial Arbitration Rule R-39, R-45.

11

jurisdiction". (Dkt. 2, Ex. A, p. 62-63).[6] Motion Dynamics, Inc.'s motion (Dkt. 20) will be addressed in a separate order.

**DONE AND ORDERED** in chambers this 16th day of May, 2006.

*/s/ Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[6] In relevant part, 9 U.S.C. § 9 provides:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.